UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| NELSON OTERO, | : | |
| | : | Civil Action No. 16-3927 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Nelson Otero's motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 challenging his criminal conviction and sentence. (ECF No. 1). Following an order to answer, the Government filed two responses to the motion (ECF Nos. 8, 13), to which Petitioner has replied. (ECF No. 14). For the reasons set forth below, this Court will deny Petitioner's motion to vacate sentence and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

Because Petitioner's sole claim revolves around a very discrete legal issue, only a brief recitation of the background of this matter is necessary for the purposes of this opinion. On direct appeal, the Third Circuit summarized the history of this matter as follows:

> [Petitioner and his co-defendant] were charged with committing seven armed robberies in New Jersey between March and May of 2010. Specifically, a superseding indictment charged each with one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"); seven counts of [Hobbs Act] robbery[;] . . . and seven counts of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)91)(A).

> [Of those seven firearms charges, one charged that the weapon in question had been discharged, and the remaining six only charged that the firearm had been brandished.]
>
> Six of the robberies targeted convenience stores; in the seventh, Appellants were charged with robbing a liquor store. The Government presented overwhelming evidence of Appellants' guilt at trial, including: (1) eyewitness accounts from customers and store employees present during the robberies; (2) surveillance video of the robberies; (3) evidence connecting [Petitioner and his co-defendant] to each other and to the robberies, gathered during searches of [Petitioner's] residence, a storage locker, and a vehicle used in one of the robberies; (4) recordings of incriminating wiretapped phone conversations; (5) evidence linking Appellants to the rental cars used during the robberies; (6) New Jersey Turnpike records placing those vehicles near the robbery locations at relevant times; (7) cell tower date placing [Petitioner and his co-defendant] near each other and near the robberies at relevant times; (8) ballistics evidence from one of the robberies [during which Petitioner and his co-defendant fired a weapon;] (9) the guns used during the robberies, found in [Petitioner's] home and in a car Appellants were in when they were arrested; (10) DNA evidence arguably linking the guns to [Petitioner and his co-defendant]; and (11) [Petitioner's co-defendant's] own incriminating statements.
>
> . . . Following a two-week trial, a jury found [Petitioner] guilty on all counts. The District Court sentenced [Petitioner to] . . . a total imprisonment term of 2,094 months.

*United States v. Otero*, 557 F. App'x 146, 147-48 (3d Cir. 2014).

During jury instructions, this Court specifically advised the jury that the seven § 924(c) charges of which Petitioner was convicted were predicated on his substantive Hobbs Act robbery charges and *not* his conspiracy charge. (Docket No. 11-23 at ECF No. 129 at 71, 86-87). The jury was specifically informed during that charge that "counts three, five, seven, nine, eleven, thirteen, and fifteen of the indictment each charge that the defendants . . . during and in relation to a crime of violence, specifically Hobbs Act robbery counts set forth in counts two, four, six, eight, ten, twelve, and fourteen, did knowingly use and carry firearms." (*Id.* at 86-87). Likewise, the

2

jury verdict sheet in this matter specifically identified each § 924(c) charge as arising out of a substantive count of Hobbs Act robbery (i.e., that count three arose out of count two, count five arose out of count four, etc.). (Docket No. 11-23 at ECF No. 91). As the jury was clearly instructed that the § 924(c) charges arose out of the substantive Hobbs Act robbery charges and not the conspiracy charge, and as this fact is also memorialized in the verdict sheet, it is clear that Petitioner was not convicted of a § 924(c) violation arising out of his conspiracy charge.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B. Analysis**

**1. An evidentiary hearing is not required to resolve Petitioner's claims**

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's sole claim is without merit as a matter of law, no hearing is necessary to resolve this matter.

**2. Petitioner's *Johnson/Dimaya/Davis* claim is without merit**

In his sole claim, Petitioner contends that because the residual clause of 18 U.S.C. § 924(c) has been found unconstitutionally vague, *see United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019), his § 924(c) convictions must be vacated as his Hobbs Act robbery convictions are not categorically crimes of violence sufficient to support his § 924(c) convictions. Because this Court finds that Hobbs Act robbery *is* categorically a crime of violence under the "force" or "elements" clause of § 924(c), and because it is clear that none of Petitioner's § 924(c) convictions arose out of his accompanying conspiracy conviction, Petitioner's claim is without merit.

4

Section 924(c) provides a criminal penalty for any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking offense. 18 U.S.C. § 924(c). The statute defines a "crime of violence" as an offense "that is a felony" and either (a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force" or "elements" clause), or (b) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual" clause). 18 U.S.C. § 924(c)(3). In *Johnson* and *Dimaya,* the Supreme Court found that the nearly identical residual clauses of two similar statutes were unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1213-1223 (finding residual clause of 18 U.S.C. § 16(b) unconstitutionally vague); *Johnson*, 135 S. Ct. at 2561-2563 (finding residual clause of Armed Career Criminal Act unconstitutionally vague). In *Davis*, the Court applied the logic of *Johnson* and *Dimaya* to § 924(c) and held that the residual clause of § 924(c) is also unconstitutionally vague and struck down that clause of the statute. 139 S. Ct. at 2336. The Court in turn held that in evaluating whether a specific offense meets the requirements of the statute, in this case the force or elements clause which remains valid following *Davis*, a court must determine whether the crime meets the statute's requirements not by looking to the actual conduct of the offenses in question, but rather by using a categorical approach. *Id.* at 2330-32. Post-*Davis*, then, a crime will only qualify as a "crime of violence" sufficient to support a § 924(c) conviction where the offense in question "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

In his briefs, Petitioner argues that neither Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery are categorically crimes of violence under the elements clause of § 924(c).

5

Petitioner further argues in his supplemental reply that, even were Hobbs Act robbery itself a crime of violence, because conspiracy to commit such a robbery is not a crime of violence, and because this Court can't know which crimes the jury based its § 924(c) guilty findings on, all of Petitioner's § 924(c) convictions must be vacated as they could have arisen out of the conspiracy charge. Before addressing whether Hobbs Act robbery itself qualifies as a crime of violence, the Court notes that Petitioner is entirely mistaken. Both in jury instructions and in the verdict sheet in Petitioner's underlying criminal proceedings, the jury was specifically instructed that each § 924(c) charge did *not* arise out of the conspiracy charge, but instead specifically relied upon one of the substantive Hobbs Act robbery charges. (*See* Docket No. 11-23 at ECF Nos. 91; 129 at 71, 86-87). This Court therefore need not guess which substantive crimes were found by the jury to support the § 924(c) charges, the record clearly establishes that all seven § 924(c) charges arose out of the Hobbs Act robbery counts and *not* the conspiracy count. As such, so long as Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c), then Petitioner's convictions must stand and his motion to vacate sentence must be denied.

In *United States v. Robinson*, the Third Circuit held that Hobbs Act robbery is categorically a crime of violence when accompanied by a conviction for brandishing or discharging a weapon under § 924(c). *United States v. Robinson*, 844 F.3d 137, 140-44 (3d Cir. 2016). Because *Robinson* to some extent looks to the facts of the underlying crime in applying a modified version of the categorical approach, however, it is not clear whether *Robinson* remains good law in the aftermath of *Davis*. While no full panel of the Third Circuit has determined whether Hobbs Act robbery is in all instances categorically a crime of violence even when viewed without a supporting brandishing or discharge of a weapon charge, in a concurrence one judge on the *Robinson* panel

6

did so find by following the Second Circuit's conclusion in *United States v. Hill* that Hobbs Act robbery is *always* a crime of violence. *Id.* at 151 (Fuentes, J., concurring, citing *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016), *amended* 890 F.3d 51 (2018)). The Second Circuit explained its holding in *Hill* as follows:

> To determine whether an offense is a crime of violence, courts employ what has come to be known as the "categorical approach." *Taylor v. United States*, 495 U.S. 575, 600[] (1990); *see also Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2248-49[] (2016) (outlining the categorical approach); *Descamps v. United States*, 570 U.S. 254, 257[] (2013) (same). . . .
>
> Under the categorical approach, courts identify "the minimum criminal conduct necessary for conviction under a particular statute," [*United States v.*] *Acosta*, 470 F.3d [132,] 135 [(2d Cir. 2006)]. In doing so, courts "'look only to the statutory definitions' – *i.e.*, the elements – of [the] . . . offense[,] and *not* 'to the particular [underlying] facts.'" *Descamps*, 570 U.S. at 261[] (quoting *Taylor*, 495 U.S. at 600. . . . As relevant here, the categorical approach requires us to consider the minimum conduct necessary for a conviction of the predicate offense (in this case, Hobbs Act robbery), and then consider whether such conduct amounts to a crime of violence under [the elements clause of § 924(c)].
>
> One final point remains. Critically, the Supreme Court has made clear in employing the categorical approach that to show a predicate conviction is not a crime of violence "requires more than the application of legal imagination to [the] . . . statute's language." *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193[] (2007). As relevant here, there must be a "realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a crime of violence. *Id.* To show that a particular reading of the statute if realistic, a defendant "must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues." *Id.* To that end, the categorical approach must be grounded in reality, logic, and precedent, not flights of fancy. *See Moncrieffe v. Holder*, 569 U.S. 184, 190-91[] (2013) (noting that "focus on the minimum conduct criminalized by the [relevant] statute is not an

7

invitation to apply 'legal imagination' to the . . . offense" (quoting *Duenas-Alvarez*, 549 U.S. at 193[])).

Although the question whether Hobbs Act robbery constitutes a crime of violence under the force [or elements] clause is a matter of first impression in our Circuit, we do not write on a blank slate but against the backdrop of a consistent line of cases from our sister circuits, concluding that Hobbs Act robbery satisfies the force clause. [*See, e.g., United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir. 2017); *Diaz v. United States*, 863 F.3d 781, 783-84 (8th Cir. 2017); *United States v. St. Hubert*, 883 F.3d 1319, 1328-29 (11th Cir. 2018).] . . . .

As stated above, the term "robbery" in the Hobbs Act is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, buy means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 19151(b)(1). [The petitioner] does not dispute that at least two of the ways in which a Hobbs Act robbery may be accomplished (by means of "actual or threatened force" or "violence") would appear, self-evidently, to satisfy § 924(c)'s force clause . . . . He focuses instead on those Hobbs Act robberies accomplished by putting the victim in "fear of injury" to his person or property, arguing that such robberies can be accomplished *without* the "use, attempted use, or threatened use of physical force" so that the minimum conduct necessary to commit a Hobbs Act robbery does not include the element necessary to qualify such robberies as crimes of violence for the purpose of § 924(c)(3)(A). . . .

[The petitioner] first contends that a perpetrator could rob a victim by putting him in fear of injury to his property through non-forceful means. He offers hypotheticals such as threatening to throw pain on the victim's house, to spray paint on his car, or, most colorfully, to "pour[] chocolate syrup on his passport." . . . H[e] argues that *Johnson v. United States*, 559 U.S. 133[] (*Johnson I*) (2010), made clear that the physical force that must be used, attempted, or threatened to satisfy statutory language such as that in § 924(c)(3)(A) must be "violent," "great," or "strong."[] On that basis, [he] argues that, assuming his hypothetical acts would indeed be sufficient to put a victim in "fear of injury" to his property so that a Hobbs Act robbery might be accomplished (a proposition that is

8

hardly obvious as a practical and precedential matter), the force employed in these hypothetical cases would be insufficient to satisfy the standard in *Johnson I*.[] We disagree.

[The petitioner]'s argument rests on a flawed reading of *Johnson I*. In that case, the Court declined to construe "physical force" for the purposes of § 924(e)(2)(B)(i) in line with the common-law crime of battery, which deemed the element of "force" to be satisfied "by even the slightest offensive touching."[] 559 U.S. at 139[.] But in rejecting this interpretive approach, the Court did *not* construe § 924(e)(2)(B)(i) to require that a particular quantum of force be employed or threatened to satisfy [that statute's force or element's clause]. The Court concluded, instead, that "physical force" as used in § 924(e)(2)(B)(i) (which defines a violent felony in relevant part as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another") means simply "*violent* force – that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140[] (2014). . . Assuming *arguendo Johnson I's* relevance to the construction of § 924(c)(3)(A), "physical force" as used in the provision at issue here means no more or less than force capable of causing physical pain or injury to a person *or* injury to property. *See* § 924(c)(3)[.] . . . [The Petitioner's] hypotheticals then – to the degree that they would indeed satisfy the Hobbs Act's "fear of injury" standard – do not fail to involve the use or threatened use of physical force.

[The petitioner]'s second claim is no more successful. Hill next contends that an individual can commit a Hobbs Act robbery without using or threatening physical force by putting the victim in fear of injury through such means, *inter alia*, as threatening to withhold vital medicine from the victim to poison him. Lacking any case in which a defendant was in fact convicted for committing Hobbs Act robbery through such means, [he] relies principally on hypotheticals to argue that such conduct entails an insufficient direct application of physical force to satisfy the force clause – even if it indisputably involves the threatened *indirect* application of force. These hypotheticals are insufficient. . . .

[The petitioner] argues, in effect, that placing a victim in fear of injury by threatening the indirect application of physical force is not sufficient to constitute the threatened use of physical force. Yet the Supreme Court has suggested otherwise. In [*United States v.*] *Castleman*, [572 U.S. 157, 134 S. Ct. 1405 (2014),] the Supreme

> Court, construing "physical force" as it is employed in connection with § 922(g)(9), made clear that physical force "encompasses even its indirect application," as when a battery is committed by administering a poison: "That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter" lest we conclude that pulling the trigger on a gun involves no sue of force "because it is the bullet, not the trigger, that actually strikes the victim."[] 134 S. Ct. at 1414-15. [The petitioner] offers no persuasive reason why the same principle should not apply to the construction of § 924(c)(3), so that, as regarding the Hobbs Act, a robbery still has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," notwithstanding that it is accomplished by threatening to poison a victim, rather than to shoot him. Some threats do not require specification of any particular means to be effective; yet they still threaten *some* type of violence and the application of *some* force. Consider: "That's a nice car – would you like to be able to continue driving it?"
>
> . . . .
>
> In sum, we agree with all of the circuits to have addressed the issue . . . and hold that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 923(c)(3)(A).

*Hill*, 890 F.3d at 55-60.

Since the outcome of *Davis*, the second circuit has reaffirmed its holding that Hobbs Act robbery remains a crime of violence under the force or elements clause of § 924(c). *See United States v. Barrett*, 937 F.3d 126, 128 (2019). Several other circuits have followed suit and reaffirmed that the substantive offense of Hobbs Act robbery remains a crime of violence under § 924(c)'s force or elements clause in the wake of *Davis*. *See, e.g., United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019); *Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019). Considering the considerable amount of persuasive precedent which strongly suggests that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause, this Court agrees with the Second, Fourth, and Seventh Circuits that Hobbs Act robbery categorically qualifies as a crime of

violence under the force or elements clause of § 924(c) which survived *Davis*. Thus, Petitioner's predicate crimes of violence which undergirded his § 924(c) convictions – all of which were various counts of the substantive offense of Hobbs Act robbery rather than the conspiracy count – remain valid predicate offenses. Petitioner's argument that *Davis*, *Johnson*, and *Dimaya* invalidated his § 924(c) convictions is therefore without merit as a matter of law. Petitioner's motion to vacate sentence is therefore denied.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's sole claim is clearly without merit, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

                                                                                       s/ Stanley R. Chesler
                                                                                      Hon. Stanley R. Chesler,
                                                                                      United States District Judge